Paul Gattone
State Bar # 012482
Ashley Gilpin
State Bar # 029634
LAW OFFICE OF PAUL GATTONE
301 S. Convent
Tucson, Arizona  85701
(520) 623-1922
**Attorneys for Plaintiff**

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lisa Aguirre,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Bank of America, Mario Gonzales, and Stephanie Linen,<br><br>　　　　Defendants, | No.<br><br>**CIVIL RIGHTS COMPLAINT FOR DAMAGES**<br><br>**<u>JURY TRIAL DEMANDED</u>** |

　　　　Comes now the Plaintiff, Lisa Aguirre, counsel undersigned, who hereby alleges as follows against Defendants Bank of America; Mario Gonzales, and Stephanie Linen.

### INTRODUCTION

　　　　1.　　Plaintiff is an adult female and at all times relevant to this complaint was a resident of the State of Arizona and Pima County.

　　　　2.　　Plaintiff seeks compensatory and punitive damages; and attorneys' fees and costs to redress Defendants' unlawful discrimination on the basis of disability in violation of the American with Disabilities Act ("ADA"), 42 U.S.C. § 12112 et seq; Ariz. Rev. Stat. § 41-1463 et seq. and/or other state and common law causes of action.

- 1 -

## PARTIES

3. Plaintiff Lisa Aquirre was, at the time of the incidents alleged, a resident of Pima County and was employed by Bank of America.

4. Defendant Bank of America is a duly incorporated business entity conducting business and operating in the State of Arizona and Pima County. Defendant is subject to the requirements of the American with Disabilities Act and air Housing Act, as well as all Arizona Fair Employment Laws.

5. Defendant Mario Gonzales is/was, at the time of the incidents described herein, an employee of Bank of America and supervised Plaintiff's work. Defendant is subject to the requirements of the Americans with Disabilities Act, as well as all Arizona Fair Employment Laws.

6. Defendant Stephanie Linen is/was, at the time of the incidents described herein, and employee of Bank of America and was the manager of the Bank of America Branch where Plaintiff was employed. Defendant is subject to the requirements of the Americans with Disabilities Act, as well as all Arizona Fair Employment Laws.

## JURISDICTION

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 over Plaintiff's claims arising under federal law, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's claims arising under state and local law.

## STATEMENT OF FACTS

8. On or about December 12, 2016 Plaintiff was hired by Bank of America as a Relationship Manager.

9. Plaintiff's work was supervised by Defendant Gonzales who was the Market Sales Manager.

10. Defendant Linen was the manager of the Bank of America Branch where Plaintiff worked.

11. On or about May 23, 2017 Plaintiff notified her superiors Bank of America, that she had a psychological condition that could have an impact on her employment.

12. Plaintiff suffers from anxiety disorder and takes medication to control her anxiety/panic attacks.

13. Plaintiff asked for and was granted a reasonable accommodation for her condition.

14. The accommodation provided that Plaintiff would be able to take 1-2 days off a month due to her disability and because the medication she takes to control her anxiety causes Plaintiff to be drowsy and unable to operate a motor vehicle.

15. This reasonable accommodation was in place when Plaintiff was transferred to the Bank of America Brach that was managed by Defendant Linen.

16. Defendant Linen was aware that Plaintiff had the reasonable accommodation in place and that she may need to take one or two days off a month due to her disability.

17. Defendant Linen informed Plaintiff that she was aware of the reasonable accommodation but that "no one at her (Defendant Linen's) branch called out for any reason."

18. Since Plaintiff had already entered into the reasonable accommodation she ignored these comments and went on with her work.

19. Over the course of her employment Plaintiff was harassed by Defendant Linen.

20. On one occasion, Defendant Linen told Plaintiff that she and another employee were taking bets on what days Plaintiff would have to take off from work due to her disability.

21. After having taken a day off of work Plaintiff came back to the branch and saw that a signed that was normally posted when the branch was closed had been altered with a marker and posted where all employees could see it.

22. This sign read "Due to circumstances beyond our control as my bankers are on meds, except for Cristen, we are temporarily closed because no one can get their shit together.  We apologize for the inconvenience because I can't run the Center alone or I'll need meds too."

23. Plaintiff saw this sign, which had not been in place before she took her day off.

24. After seeing the sign, Plaintiff contacted the Bank of America Human Resources Department.

25. Plaintiff also informed Defendant Mario Gonzales about the sign and about the other harassment that she was being subjected to because of her disability.

26. To the best of Plaintiff's knowledge, no action was taken against Defendant Linen due to the sign or other harassment.

27. Defendant Linen eventually admitted that she wrote the message on the sign that was posted in Plaintiff's workplace.

28. Eventually, Plaintiff filed for a Family Medical Leave Act (FMLA) leave because of her disability and the stress caused by the ongoing hostile work environment.

29. Shortly after filing for FMLA, Plaintiff was called in by Defendant Gonzales and was terminated for allegedly taking a photo of a customer's back side.

30. Plaintiff denied that she took any such picture, and when she asked to see this alleged picture, Defendant Gonzales refused to produce it.

31. After her termination, Plaintiff filed a complaint of discrimination with the Equal Employment Opportunity Commission (EEOC).

32. Plaintiff's complaint was referred to the Arizona Civil Rights Division (ACRD) for investigation.

33. Plaintiff received a Right To Sue letter from the ACRD.  This letter was sent to her by the ACRD on November 5, 2018.

34. Plaintiff has filed suit within ninety (90) days from the date that this letter was mailed to Plaintiff.

35. The acts and omissions of Defendant's employees and agents, as set forth above, were committed within the time and space limits of their agency relationship with their principal, Defendant Bank of America, Inc.

36. The acts and omissions of Defendant's employees and agents, as set forth above, were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Bank of America, Inc.

37. By committing these acts and omissions against Plaintiff, Defendant's employees and agents were motivated to benefit their principal, Defendant Bank of America, Inc.

38. Defendant Bank of America is therefore liable to Plaintiff through the doctrine of respondeat superior for the intentional and negligent acts, errors, and omissions done in violation of federal and state law by its employees and agents.

## COUNT ONE
(Violation of the ADA-Disability Discrimination-Against All Defendants)

39. Plaintiffs restates and incorporates by reference each and every allegation contained in the foregoing paragraphs, as though fully set forth herein.

40. This action is brought pursuant to the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12112, et seq.

41. Plaintiff was "disabled," as that term is construed under the ADA, at all times relevant to this action.

42. Defendant Bank of America is a covered entity under the ADA and Defendant Linen and Gonzales' actions were taken in violation of the ADA.

43. The ADA provides that "no covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions and privileges of employment.

44. Defendants' actions/inactions created a hostile work environment for Plaintiff based on her disability.

45. Defendants' decision to terminate Plaintiff's employment occurred under circumstances that give rise to an inference of unlawful retaliation.

46. Defendants treated Plaintiff differently than other employees because of her disability and her need for a reasonable accommodation.

47. Plaintiff suffered harm and damages as a result of Defendant's conduct.

**COUNT TWO**
(Violation of the ADA-Retaliation-Against All Defendants)

48. Plaintiffs restate and incorporate by reference each and every allegation contained in the foregoing paragraphs, as though fully set forth herein.

49. Plaintiff was "disabled," as that term is construed under the ADA, at all times relevant to this action.

50. Defendant took adverse actions against Plaintiff in retaliation for her reporting of the hostile work environment and because she had filed for FMLA leave.

51. Defendant's decision to terminate Plaintiff's employment occurred under circumstances that give rise to an inference of unlawful retaliation.

52. Plaintiff suffered harm and damages as a result of Defendant's conduct.

**COUNT THREE**
(Violation of Arizona Civil Rights Act Against All Defendants)

53. Plaintiffs restate and incorporate by reference each and every allegation contained in the foregoing paragraphs, as though fully set forth herein.

54. At all times relevant to this action, the Arizona Fair Employment Statute, A.R.S. § 41-1463 et seq. has been in full force and effect and has applied to Defendants' conduct.

55. Pursuant to Ariz. Rev. Stat. § 41-1491.14, it shall be unlawful to "fail or refuse to hire or to discharge any individual or otherwise to discriminate against any individual with respect to the

individual's compensation, terms, conditions or privileges of employment because of the individual's race, color, religion, sex, age or national origin or on the basis of disability."

56. Defendants discriminated on the basis of disability by offering different employment terms and conditions in violation of Ariz. Rev. Stat. § 41-1463.

57. Plaintiff suffered harm and damages as a result of Defendant's conduct.

## CLAIM FOR RELIEF

WHEREFORE, the Plaintiffs asks that this court grant him the following relief:

a. Award to Plaintiffs:
    i. Compensatory damages pursuant to the ADA and Arizona Fair Employment Statute;
    ii. Punitive damages pursuant to the ADA and Arizona Fair Employment Statue;
    iii. Reasonable cost and attorneys' fees pursuant to the ADA and the Arizona Fair Employment Statute;
    iv. Interest on all amounts at the highest rates and from the earliest dates allowed by law;
    v. Any and all other relief that this Court finds necessary and appropriate.

## JURY DEMAND

Plaintiffs demand trial by jury for all of the issues a jury may properly decide, and for all of the requested relief that a jury may award.

REPECTFULLY SUBMITTED this 4th day February 2019.


      _s/Paul Gattone_____
      Paul Gattone
      Attorney for Plaintiff